IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY M. BANKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CASE NO. 11-cv-458-GPM |
| vs. | ) |
| | ) |
| MARIE TOUSSAINT, | ) |
| HON. WILLIAM LACY, | ) |
| JANE DOE, to be determined, and | ) |
| DAVID DUNKER, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Larry M. Banks, according to the allegations of his complaint, is a mentally ill person who has been previously adjudicated as unfit to stand trial ("UST") under Illinois law. Plaintiff is currently in the custody of the State of Illinois at Cook County Jail. At the time he filed this complaint, Plaintiff was housed at Chester Mental Health Center ("CMHC"), as a result of his UST status. It appears from the pleadings that there are multiple pending criminal charges in Illinois Circuit Court against Plaintiff, including four counts of Attempted First Degree Murder. Plaintiff filed this case pursuant to 18 U.S.C. §241 - Conspiracy Against Citizen Rights, as styled by Plaintiff in his complaint. However, given Plaintiff's UST status, this case is now before the Court for review pursuant to the provisions of 28 U.S.C. § 1915.

Under 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an

affidavit stating the prisoner's assets, as well as "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).  Persons who are not prisoners within the meaning of the statute are not subject to the requirements of §1915(a)(2) and (b).  *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997); *Wade v. Swiekatowski*, No. 09-CV-779, 2010 WL 152073, at *1 (E.D. Wis. Jan. 15, 2010).  Persons who have been adjudicated UST are, in effect, pretrial detainees, and thus are prisoners for § 1915 purposes.  *See Purifoy v. Kelley*, Civil No. 08-cv-581-DRH, 2009 WL 535947, at *1 (S.D. Ill. Mar. 4, 2009).

According to the complaint, Defendants conspired to use the Illinois Department of Human Services ("DHS") to "human warehouse" the plaintiff in order to silence his challenges to his criminal case.  Plaintiff alleges he has been kidnapped and held at the CMHC under a void order.  As previously noted, Plaintiff filed the complaint pursuant to 18 U.S.C. § 241, and accordingly seeks to open a federal investigation against the Defendants and bring criminal charges against the Defendants

Additionally, Plaintiff has filed a motion for determination of status (Doc. 8).  Plaintiff asserts, in the motion for status, that he did *not* intend to file his complaint pursuant to 42 U.S.C. §1983 (Doc. 8).  Indeed, Plaintiff further sought to clarify that his complaint was brought pursuant to the criminal enterprise statute (Doc. 8).

A complainant does not have authority to file a criminal complaint on his own.  Sole authority to initiate a *criminal* prosecution rests with the United States Attorney. Plaintiff's complaint being criminal in nature and intent, this matter is **DISMISSED**.  All pending motions are **DENIED** as moot.  As Plaintiff has no standing to file this complaint, the civil filing fee for this action is **WAIVED**.  This dismissed case shall not count as a strike pursuant to 28 U.S.C. §

1915(g).  The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** February 2, 2012

>                             /s/ *G. Patrick Murphy*
>                             G. PATRICK MURPHY
>                             United States District Judge